IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM JOHNSON, JR., | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil   Case   No.   26-00859-SAG |
| | * | |
| PRIME SOURCE BUILDING PRODUCTS | * | |
| INC, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Myriad motions are pending in this case brought by self-represented Plaintiff William Johnson, Jr. ("Plaintiff") against Defendants Prime Source Building Pro. ("PrimeSource"), AI Staffing ("AI"), Empire Labor ("Empire"), and Shawn Greenwood ("Greenwood").[1] PrimeSource has filed a motion for more definite statement, ECF 14, and a motion for discovery, ECF 36. Greenwood has filed a motion to dismiss for failure to state a claim, ECF 21. Plaintiff has filed a motion for leave to file surreply, ECF 43, and a number of motions seeking default judgment or clerk's entry of default against various defendants, ECF 44, 51, 52, 53, 54, 55, 56. This Court has reviewed the motions and the various oppositions and replies. ECF 15, 25, 26, 28-30, 37, 40, 41, 49.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons that follow, Plaintiff's motion for leave to file surreply will be granted and his default-related

---

[1] The iteration of the Defendants' names listed here is the version listed on the Court's docket based upon the names in the Complaint and Amended Complaint. This Court notes that Prime Source has represented that its proper name is "PrimeSource Building Products, Inc." ECF 14 at 1 n.1. Because the Amended Complaint is handwritten, it is impossible to tell whether the named Defendant should be "AI Staffing" or "A1 Staffing" or "AL Staffing." *Compare* ECF 3 at 1 *with* ECF 3 at 3. This confusion is significant, as explained with respect to Plaintiff's pursuit of default judgment against that entity.

motions will be denied. PrimeSource's motion for more definite statement and Greenwood's motion to dismiss will be granted and Plaintiff will be afforded an opportunity to amend his complaint. PrimeSource's motion for discovery will be denied as moot.

## I.    DEFAULT-RELATED MOTIONS

Initially, this Court notes that the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).   At this stage of the litigation, both Greenwood and PrimeSource have counsel appearing on their behalf and have filed motions participating in this litigation. Plaintiff's requests that the Clerk enter default against those Defendants are meritless and will be denied. ECF 52, 53, 55, 56.

AI has not yet appeared in this litigation, but this Court is unable to find valid service of process and remains unclear as to the proper legal name of the entity being sued. In his Amended Complaint, Plaintiff lists the resident agent for "AI Staffing" as "Corporate Creation Network, Inc." ECF 3 at 3. Nevertheless, the proof of service Plaintiff filed reflects personal service on "CSC lawyer Incorporating Service Company" ("CSC").  ECF 20. In response, CSC sent a letter to the Clerk of Court indicating that it rejected service of process because it does not serve as registered agent for AI Staffing. ECF 48. Plaintiff must file an amended complaint in which he specifies the precise corporate name for the AI Defendant he wishes to sue and must then effect service on the appropriate registered agent for that entity (or otherwise effect valid service of process) and file proof of service with this Court. Plaintiff's three default-related motions against AI, ECF 44, 51, 54, will also be denied.

## II.    MOTION FOR MORE DEFINITE STATEMENT

Plaintiff's Amended Complaint, ECF 3, is a handwritten form alleging failure to accommodate a disability and retaliation. In its description of the facts of the case and the relief sought, Plaintiff makes no reference to specific conduct by any of the four named defendants. ECF 3 at 6-8. He therefore has not provided the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Fed. R. Civ. P. 8(a)(2). The paystubs attached to the Amended Complaint reflect that Plaintiff was paid by PrimeSource but similarly shed no light on the role PrimeSource played as compared to the other defendants or the role that Greenwood played within those entities. There is a reference to Greenwood serving as Plaintiff's "direct supervisor" but no explanation of which entity employed Greenwood (or Plaintiff) at the time. ECF 4-2 at 5.

Because Plaintiff is self-represented, all of his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of*

3

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

The lack of specificity in the Amended Complaint means that it does not state a viable claim for relief against any of the named Defendants. This Court notes that in response to the motion for more definite statement, ECF 14, Plaintiff filed an email attachment that appears to explain some additional facts relevant to his claim against PrimeSource, ECF 15-1. Those facts, however, should be made part of the Amended Complaint and Plaintiff needs to provide additional detail about the precise actions taken by each Defendant.

Accordingly, PrimeSource's Motion for More Definite Statement, ECF 14, will be granted, as will Greenwood's Motion to Dismiss, ECF 21. Plaintiff will be afforded leave and twenty-one days to file a Second Amended Complaint, in which he must (1) provide the full legal corporate name of each Defendant he wishes to sue; (2) allege specific actions taken by each Defendant, by name, and explain how those actions amount to a viable claim for relief; and (3) attach all of the exhibits he intends to be part of the Second Amended Complaint. Once that Second Amended Complaint is filed, a new summons must be obtained for the AI Defendant (and, if Plaintiff still intends to sue that entity, Empire Labor) and those entities must be properly served.

## III.    OTHER PENDING MOTIONS

Two other motions are pending.  Plaintiff's Motion for Leave to File Surreply, ECF 43, will be granted and this Court has reviewed its contents in deciding these motions. PrimeSource's Motion for Discovery, ECF 36, which asks this Court to provide discovery before adjudicating any motion for summary judgment, will be denied as moot. Even if Plaintiff has requested

summary judgment (which is not immediately clear from the docket although it appears to be referenced in filings), summary judgment is inappropriate as there is no viable complaint.

A separate order will issue, effectuating the rulings herein and affording Plaintiff twenty-one days to file a Second Amended Complaint.


Dated:  July 14, 2026                                          _____/s/_____
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge