**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **WILLIAM JOHNSON, JR.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-00859** |
| **PRIME SOURCE BUILDING PRO, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff William Johnson, Jr. ("Plaintiff"), who is self-represented, has filed a Second Amended Complaint ("SAC") in this case against his former employer, Prime Source Building Products, Inc. ("Prime Source") and its employee, Sean Greenwood (collectively, "Defendants").[1] ECF 60-1. Defendants have filed a motion to dismiss the SAC, ECF 61, and Plaintiff filed an opposition, ECF 63. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's SAC and are taken as true for the purposes of assessing the motion to dismiss. ECF 60-1. Beginning on October 10, 2023, "through A1 Staffing," Plaintiff began working at Prime Source's warehouse at 505 Advantage Way in Perryville, Maryland. *Id.* at 1. Prime Source hired Plaintiff directly as a full-time employee on January 22, 2024. *Id.* Greenwood was Plaintiff's manager and supervisor. *Id.*

[1] The individual defendant is referred to as "Shawn Greenwoods" in the SAC, ECF 60-1, but this Court will use the correct name as identified by Defendants, ECF 61 at 1 n.2.

On October 2, 2024, Plaintiff texted Greenwood and requested "leave under the Maryland Healthy Working Families Act." *Id.* Greenwood did not provide FMLA forms and directed Plaintiff to Human Resources. *Id.* Plaintiff took approved time off on November 1, 2024 and attended a doctor's appointment on November 6, 2024 to secure FMLA documentation. *Id.* Plaintiff returned to work on November 7, 2024 and provided Defendants with his doctor's note to establish FMLA eligibility. *Id.*

That same day, however, Greenwood and another supervisor called Plaintiff into the office and handed him "[f]ully prepared" termination paperwork. *Id.* at 2. Greenwood stated that the reason for the termination was "maxed out attendance points." *Id.* Plaintiff initially qualified for state unemployment benefits but Prime Source appealed, alleging that Plaintiff had engaged in "gross misconduct." *Id.* Prime Source's FMLA administrator informed Plaintiff that Prime Source had reported his start date as January 22, 2024 and classified his service before that date as an "independent contractor," disqualifying him from FMLA benefits. *Id.*

Plaintiff, who is Black, alleges that Prime Source granted a "similarly situated white coworker" named Brett a two-month medical leave after only two months on the job. *Id.* at 1, 2. He asserts claims for FMLA interference, FMLA retaliation, and race discrimination under Title VII.

## II. MOTION TO DISMISS

### A. Legal Standards

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is

improbable[] and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin*., 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

**B. Analysis**

*1. FMLA Interference*

Defendant contends that Plaintiff has failed to plead an FMLA interference claim. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To state a claim for FMLA interference, the plaintiff must plausibly allege that (1) he is entitled to a benefit under the FMLA, (2) his employer interfered with the provision of that benefit, and (3) the interference harmed him. *See Shipton v. Balt. Gas & Elec. Co.*, 109 F.4th 701, 706 (4th Cir. 2024). Showing entitlement to an FMLA benefit requires facts plausibly suggesting both that Plaintiff was an eligible employee and that his employer was covered by the FMLA. *See Rodriguez v. Smithfield Packing Co.*, 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006); 29 U.S.C. § 2615(a)(1)). The FMLA defines an "eligible employee" as an employee who has been employed (1) for at least 12 months by the employer, and (2) for at least 1,250 "hours of service" with such employer during the previous 12–month period. 29 U.S.C. § 2611(2)(A)(i)–(ii); *see also Babcock v. BellSouth Advert. and Publ'g Corp.*, 348 F.3d 73, 76–77 (4th Cir. 2003). "The determination whether an employee has been employed by the employer for at least twelve months must be made 'as of the date leave commences.'" *Id.*

at 77 (citing 29 C.F.R. § 825.110(d)). "[A]n employer" under the FMLA is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). But an employee is not eligible for FMLA benefits if they work at a worksite at which the "employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50[.]" *Id.* § 2611(2)(B)(ii).

Plaintiff expressly pleads, in his SAC, that he began working at the Prime Source warehouse in October 10, 2023 "through A1 Staffing" and that he became a direct hire on January 22, 2024. ECF 60-1 at 1. He does not specify the date his FMLA leave commenced but first asserts that he requested "leave under the Maryland Healthy Working Families Act" on October 2, 2024, just shy of twelve months after he began work in the warehouse. *Id.* He then alleges that he made a more formal FMLA request, with doctor's documentation, on November 7, 2024. *Id.* At that time, he would have had over 12 months of service only if his period of work "through A1 Staffing" is included.

To try to suggest that the entire period should count, Plaintiff conclusorily alleges that Prime Source acted "as a joint and direct employer" during his tenure and makes other passing reference to the "joint employment doctrine." ECF 60-1 at 1. But Plaintiff alleges no facts about the essential terms and conditions of his employment (like control or supervision, hiring or firing authority, which entity maintains payroll records, etc.) to plausibly allege joint employment. Plaintiff also has not alleged that Prime Source employs 50 or more employees within 75 miles of his work site. Those factual deficiencies mean his claim must be dismissed.

Finally, to demonstrate entitlement to FMLA leave for a "serious health condition," a plaintiff must establish that his condition "makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined, in part, as an illness or impairment that requires continuing treatment by a health care provider, *see id.* § 2611(11)(B), or in-patient care, *see* 29 C.F.R. § 825.113(a). While the SAC states that "Prime Source was put on explicit notice of Plaintiff's serious health condition on October 2 and November 7, 2024," ECF 60-1 ¶ 27, the other factual allegations do not plausibly support that Plaintiff had a qualifying health condition. Plaintiff alleges that he "requested leave" by "texting his direct supervisor," ECF 60-1 at 1, but does not allege that he texted the direct supervisor the nature of his medical condition, the amount of leave he needed, or the treatment required. And he has not otherwise alleged facts to establish a serious health condition eligible for FMLA benefits. For that additional reason, his FMLA claim is subject to dismissal.

2. *FMLA Retaliation*

Plaintiff also alleges that he was retaliated against for his protected activity under the FMLA. The FMLA protects employees from retaliation for exercising their substantive FMLA rights. *See Wright v. Sw. Airlines*, 319 F. App'x 232, 233 (4th Cir. 2009) (per curiam). To establish a prima facie case of retaliation under the FMLA, an employee must prove that "(1) she 'engaged in protected activity;' (2) 'an adverse employment action was taken against her;' and (3) 'there was a causal link between the protected activity and the adverse employment action.'" *Id.* (quoting *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)).

To this Court's knowledge, the Fourth Circuit has not directly addressed whether an employer can be liable for FMLA retaliation where the employee is not eligible for FMLA leave. While district courts have reached different conclusions, this Court finds more persuasive the line

of cases holding that an employee who is not eligible for FMLA benefits cannot establish that he engaged in FMLA-protected activity. *See, e.g.*, *Washington v. Sprenger Healthcare of Port Royal, Inc.*, No. 9:21-CV-01092-RMG-MGB, 2022 WL 18956669, at *7 (D.S.C. Dec. 5, 2022), report and recommendation adopted, No. 9:21-CV-01092-RMG, 2023 WL 1503650 (D.S.C. Feb. 3, 2023) (collecting cases); *Jacobs v. UPS, Inc.*, No. 3:15-cv-381, 2016 WL 8192993, at *2 (W.D.N.C. Dec. 5, 2016) (holding that a plaintiff who did not satisfy the 1,250 hour requirement "cannot maintain a FMLA retaliation claim because he cannot establish the first element of the prima facie claim for FMLA retaliation - that he engaged in 'protected activity' "); *see also Ruddy v. Bluestream Pro. Serv., LLC*, 444 F. Supp. 3d 697, 715 (E.D. Va. 2020) (citing *Bonanno v. Va. Land & Improvement Corp.*, No. 1:13-cv-710, 2014 WL 5389908, at *1 (E.D. Va. Mar. 12, 2014)) ("[W]here a plaintiff is not an 'eligible employee' under the FMLA, he has failed to state a claim of retaliation under the FMLA."). Thus, Plaintiff's failure to plead facts demonstrating his FMLA eligibility, as described above, also infects his FMLA retaliation claim. That count, also, must be dismissed.

*3. Discrimination Claims*

Plaintiff's third claim is race discrimination under Title VII, which protects employees from discrimination on the basis of race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e-2(a)(1). To state a claim for discrimination, a plaintiff must allege facts to "support a reasonable inference that the decisionmakers were motivated by bias" prohibited by Title VII. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585–86 (4th Cir. 2015). Initially, Plaintiff's Title VII claim against Greenwood must be dismissed because "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998).

As to Prime Source, Plaintiff still has failed to state a plausible discrimination claim because he has not alleged facts "enough to raise a right to relief above the speculative level." *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555)). He alleges no direct evidence of discrimination, such as race-based comments, and instead alleges only that he was treated differently than a "similarly situated" white employee. ECF 60-1 ¶ 36. But the facts he alleges about the white employee do not suggest they were similarly situated as to their attendance records, which is the reason Prime Source cited for Plaintiff's termination. To plausibly suggest that Prime Source engaged in race-based differential treatment, Plaintiff could plead that a person of a different race with a comparable attendance record received different treatment. But instead, Plaintiff suggests only that a white person with a shorter tenure at the company received more favorable treatment. Those allegations do not support a reasonable inference that the legitimate, non-discriminatory reason stated for Plaintiff's termination, his unsatisfactory attendance record, was pretextual or that Prime Source's decision was race-based. His race discrimination claim will therefore be dismissed.

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 61, is GRANTED. In light of Plaintiff's self-represented status and the fact that he may be able to successfully amend his FMLA-related claims, he will be given one final opportunity to file a Third Amended Complaint containing sufficient facts about his employment and his request for FMLA leave as required to state plausible claims. This case will be closed, subject to reopening should Plaintiff file a third amended complaint within thirty days of the date of this opinion. A separate Order follows.

Dated: September 11, 2026

/s/
Stephanie A. Gallagher
United States District Judge